IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

WHITE AND WILLIAMS, LLP,

Defendant

CIVIL ACTION NO.

COMPLAINT
JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA) and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Jennifer Holumzer, who was adversely affected by such practices. The Commission alleges that Defendant White and Williams discriminated against Ms. Holumzer, a qualified individual with a disability, when Defendant failed to provide her with needed reasonable accommodations, and when it discharged her from her position as a Workers' Compensation attorney because of her disability. As a result of the failure to accommodate her disability and the discriminatory discharge, Ms. Holumzer suffered backpay losses and severe emotional distress damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which

incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000 - 5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) .

4. At all relevant times, Defendant, White and Williams, LLP (the "Employer") has continuously been a Pennsylvania corporation doing business in the Commonwealth of Pennsylvania and the City of Allentown, and has had at least 15 employees.

5. At all relevant times, Defendant Employer have continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Jennifer Holumzer filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least November 2002, Defendant has engaged in unlawful employment practices at its Allentown, Pennsylvania office, in violation of Section 102 of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(1), (b)(5)(A) and (b)(5)(B), by discriminating against Ms. Holumzer, a qualified individual with a disability, Rheumatoid Arthritis. The unlawful employment practices include, but are not limited to, the following:

(a) On or about May 20, 2002, Ms. Holumzer was hired as an associate level attorney at Defendant's Allentown, PA office. Her duties consisted mainly of writing assignments and attending workers' compensation hearings within the tri-state area approximately three (3) times a month. At all relevant times, Ms. Holumzer performed her duties in a satisfactory manner, and was never disciplined, counseled, or advised of any performance issues regarding her work.

(b) In or about October of 2002, Ms. Holumzer began experiencing excruciating pain associated with her disability, and it became increasingly difficult to perform simple physical tasks at work. On or about November 5, 2002, Ms. Holumzer was hospitalized for pain and complications associated with her disability, where she remained until November 9, 2002. She returned to work on or about November 11, 2002.

(c) Upon her return to work, Ms. Holumzer informed her supervisor, Anthony Salvino, and the supervising partner of the Allentown Workers' Compensation group, Lori Kachmar, that she suffered from a disability, arthritis and that she needed certain reasonable


accommodations. Soon thereafter, Ms. Holumzer's physician forwarded a letter to Defendant specifying the exact accommodations that she would require.

(d) Immediately after learning that Ms. Holumzer suffered from a disability, and that she required reasonable accommodations, Ms. Kachmar launched a campaign of verbal harassment and intimidation against Ms. Holumzer which included constant demands that she resign. Ms. Kachmar made statements such as "You will eventually need a joint replacement, how will you work then?" Kachmar also lured Ms. Holumzer to a previously cancelled hearing in an empty courtroom in order to further berate and intimidate her. Despite the verbal berating, Ms. Holzumer consistently expressed the desire to continue working for Defendant, and she did not resign.

(e) On or about December 4, 2002, Ms. Holumzer was forced to take a medical leave of absence, as her symptoms were severely exacerbated due to the continuing verbal harassment of Ms. Kachmar. However, prior to going on leave, Ms. Holumzer purchased the equipment that she had advised Defendant that she needed to accommodate her disability.

(f) While Ms. Holumzer was on leave, Ms. Kachmar created a "job description" for Ms. Holumzer's position, which included onerous physically demanding requirements, among them, carrying 30-40 pound files without the use of elevators or carts. This job description did not accurately reflect the work Ms. Holumzer performed prior to Defendant's knowledge of her disability.

(g) Finally, only five days prior to Ms. Holumzer's scheduled return to work on or about February 21, 2003, Ms. Holumzer was told by Defendant's Human Resources official, Joann DiSanto, "don't bother to come back," if she could not be released to perform every task on the

newly created job description, and/or if she still needed reasonable accommodations. Ms. Holumzer was informed that her employment was terminated, and that another attorney had been hired to replace her. Upon information and belief, the attorney replacing Ms. Holumzer does not have a disability.

(h) At all relevant times throughout her employment, Ms. Holumzer could perform the essential functions of her position as an attorney, with or without an accommodation.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Ms. Holumzer of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Ms. Holumzer.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability, including but not limited to discharging an employee because the employee is disabled and required reasonable accommodations.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Ms. Holumzer by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Ms. Holumzer by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 above in amounts to be determined at trial.

E. Order Defendant to make whole Ms. Holumzer by providing compensation for past, present, and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including humiliation, emotional pain, suffering, anxiety, stress, loss of enjoyment of life, depression, and exacerbation of physical problems, in amounts to be determined at trial.

F. Order Defendant to pay Ms. Holumzer punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Wash., D.C. 20005

JACQUELINE H. McNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

RACHEL M. SMITH
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2642